R. T. Tompkins *v.* Thos. W. Lillard *et al.*

R. T. TOMPKINS *v.* THOS. W. LILLARD *et al.*

1. CHANCERY PRACTICE. *Judgment by motion. Enforcement of sale notes.* Where judgment by motion is had in the Chancery Court on notes executed for land sold under its decree, objection to the enforcement of such notes must be taken by petition in the cause,or by original bill, and not upon appeal from the judgment on the notes.

2. SAME. *Same. Recitals of judgments.* The notes were payable to J. M. Tompkins, special commissioner; the judgments were rendered in the name of R. T. Tompkins, but recite upon their face that J. M. Tompkins was dead, and that R. T. Tompkins had been appointed in his place.

*Held,* The judgments are sufficient.

FROM RUTHERFORD.

Appeal from the Chancery Court. A. S. MARKS, Chancellor.

R. T. Tompkins *v.* Thos. W. Lillard *et al.*

[No brief appears for Tompkins.]

B. F. LILLARD for Lillard *et al.*

NICHOLSON, C. J., delivered the opinion of the Court.

This is an appeal from a judgment by motion in the Chancery Court at Murfreesboro, on notes executed for land sold under decree of that Court. No petition or bill was filed resisting the judgment or to set the same aside after its rendition, but an appeal taken to this Court from the judgment. It is now said that there are various irregularities in the proceedings prior to the decree of sale, on account of which the purchaser's title will be defective. It is the established practice that objections to the enforcement of sale notes like these, must be taken by petition in the cause, or by original bill, and not upon appeal from the judgments on the notes. This appeal brings up nothing but the sufficiency of the judgments, and this must be determined by the recitals contained on its face.

It is next said that J. M. Tompkins was special commissioner when the land was sold, and that the notes were payable to him as such; yet, that the judgments were rendered in the name of R. T. Tompkins, special commissioner, etc. It is recited on the face of the judgment that J. M. Tompkins had died, and that R. T. Tompkins had been appointed in his place. This recital is conclusive and renders the judgment in the name of R. T. Tompkins unex-

ceptionable. We find the recitals in the judgment full and complete, fully warranting the judgment rendered. There is no error and the judgment is affirmed.